UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| HUMANSCALE CORPORATION, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. 1:12-cv-05988-AKH |
| MASS ENGINEERED DESIGN, INC., AND JERRY MOSCOVITCH | § § § § | |
| Defendants. | § § § § | |

**DEFENDANTS MASS ENGINEERED DESIGN, INC.'S AND JERRY MOSCOVITCH'S OPPOSITION TO HUMANSCALE'S NOTICE OF ALTERNATIVE MOTION FOR JURISDICTIONAL DISCOVERY**

Defendants Mass Engineered Design, Inc. and Jerry Moscovitch ("Defendants") hereby present their opposition to Plaintiff Humanscale Corporation's ("Plaintiff") notice of alternative motion for jurisdictional discovery at Docket No. 28. Defendants' opposition to the requested jurisdictional discovery has been previously articulated by Defendants in Defendants' reply brief in support of Defendants' Rule 12 motion to dismiss, and is incorporated below for ease of reference. (*See* Docket No. 29 at 7-8).

Defendants' alleged prior art activities with Bloomberg and Defendants' efforts to enforce their patent rights against other residents of New York. Such discovery is not warranted because (1) alleged prior art activities with Bloomberg are irrelevant as a matter of law as set forth in Defendants' Rule 12 motion (Docket No. 18) and reply in support thereof (Docket No. 29) and (2) Humanscale is already fully aware of Defendants' efforts to enforce their patent

1

rights against Humanscale in Texas. Humanscale does not need discovery regarding Defendants' efforts against others because Humanscale concedes that the instant action does not "arise out of" those activities as required by the Federal Circuit in *Avocent*. *Avocent Huntsville Corp. v. Aten Int'l Co.*, 552 F.3d 1324, 1332 (Fed. Cir. 2008) (citations omitted, emphasis added). (*See also* Opp. Br. at 7 ("a claim arises out of Defendants' activities directed at New York residents if those activities 'relate to the enforcement or defense of the patent'" (quoting *Radio Sys. Corp. v. Accession, Inc.*, 638 F.3d 785, 789 (Fed. Cir. 2011))).

Humanscale fails to challenge Defendants' factual showing that they are not subject to the general jurisdiction of this Court. Thus, while Defendants are confident that they are not subject to the general jurisdiction of this Court, Defendants nevertheless do not object to limited written jurisdictional discovery regarding the extent to which Defendants' activities may subject them to the general jurisdiction of this District. If the Court deems such discovery proper, Defendants request that (1) the Court instruct Humanscale to coordinate its written discovery with similar written jurisdictional discovery underway in other proceedings to minimize redundant efforts and that (2) Humanscale's limited discovery not include depositions or examination of "Defendants' counsel from prior litigations." (Opp. Br. at 13; Docket No. 29 at Ex. B, *Innovative Office Prods., Inc.v. Mass Engineered Design, et al.*, No. 12-04396, Order at Docket No. 27 (E.D. Pa., Feb. 27, 2013) (granting leave to conduct jurisdictional discovery); Docket No. 29 at Ex. C, *Knoll, Inc. v. Mass Engineered Design, Inc.*, No 12-04401, Order at Docket No. 28 (E.D. Pa., Feb. 28, 2013)). Humanscale does not identify any relevant non-privileged evidence it could seek from Defendants' former litigation counsel, nor does Humanscale explain why it would need testimony from Defendants or employees to gather evidence toward satisfying Humanscale's burden to put forth a *prima facie* case for jurisdiction.

Limiting Humanscale's discovery to written discovery is consistent with the written discovery recently permitted in Defendants' other proceedings arising from the 9X Media litigation. (*See* Docket No. 29 at Exs. B and C).

Dated:  March 28, 2013                                     Respectfully Submitted,

                                                    /s/ *Brandon Jordan*
                                                    Benjamin Levi
                                                    blevi@mckoolsmith.com
                                                    Brandon Jordan (*Appearing Pro Hac Vice*)
                                                    bjordan@mckoolsmith.com
                                                    McKool Smith, P.C.
                                                    1999 K Street NW, Suite 600
                                                    Washington, D.C. 20006
                                                    Tel: (202) 370-8300
                                                    Fax: (202) 370-8344

                                                   **ATTORNEY FOR DEFENDANTS**
                                                   **MASS ENGINEERED DESIGN, INC.**
                                                   **AND JERRY MOSCOVITCH**

# CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served via electronic mail on all counsel of record on March 28, 2013 as follows:

>Adam Roger Steinert
>Fredrikson & Byron P.A.
>200 South Sixth Street, Suite 4000
>Minneapolis, MN 55402
>E-mail: Asteinert@fredlaw.com
>**(VIA ELECTRONIC MAIL)**
>
>Jason Scott Charkow
>Winston & Strawn LLP (NY)
>200 Park Avenue
>New York, NY 10166
>E-mail: Jcharkow@winston.com
>**(VIA ELECTRONIC MAIL)**
>
>Scott Richard Samay
>Winston & Strawn LLP (NY)
>200 Park Avenue
>New York, NY 10166
>E-mail: Ssamay@winston.com
>**(VIA ELECTRONIC MAIL)**

/s/ *Brandon Jordan*
Benjamin Levi
blevi@mckoolsmith.com
Brandon Jordan (*Appearing Pro Hac Vice*)
bjordan@mckoolsmith.com
McKool Smith, P.C.
1999 K Street NW, Suite 600
Washington, D.C. 20006
Tel: (202) 370-8300
Fax: (202) 370-8344

**ATTORNEY FOR DEFENDANTS
MASS ENGINEERED DESIGN, INC.
AND JERRY MOSCOVITCH**